| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-11-1032 |
| | § | |
| MARIO MENA-PARRA | § | |

## OPINION AND ORDER FINDING EXCUSABLE NEGLECT AND GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL AND ORDER APPOINTING NEW COUNSEL ON APPEAL

On February 27, 2012, judgment was entered sentencing the defendant to serve 41 months in the custody of the Bureau of Prisons (D.E. 23). Timely notice of appeal was due fourteen days later, on March 12, 2012, but was not filed until March 23, 2012. FED. R. APP. P. 4(b)(1)(A)(i). The Fifth Circuit Court of Appeals, citing *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (per curiam), remanded the case to the District Court directing that defendant's notice of appeal be treated as a motion for a an extension of time to file appeal pursuant to FED. R. APP. P. 4(b)(1)(4) (D.E. 36).

Defendant/Appellant had earlier been directed, on April 20, 2012, to file a response advising the court of any factual basis for a finding of good cause or excusable neglect (D.E. 30). Defendant's counsel responded that he had directed his secretary to electronically file the notice of appeal (D.E. 31). Counsel's secretary followed his instructions and she believed she had electronically filed the notice of appeal on March 6, 2012 (*Id.*). Later, after counsel realized he had not

received an e-mail confirmation that the notice of appeal had been filed, he checked the docket and noted that the electronic filing had not been docketed even though both he and his secretary believed that the notice had been filed on March 6 (*Id.*). Counsel promptly re-filed the electronic notice of appeal on March 23 (*Id.*).

The failure to timely file notice of appeal after the client instructs his attorney to do so is a "clear case of ineffective assistance of counsel, which is sufficient to prove excusable neglect." *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999). The court finds that the defendant has demonstrated excusable neglect, and grants his motion for an extension of time to file his notice of appeal.

In light of the finding of ineffective assistance of counsel, the court finds that a fresh start with new counsel on appeal is appropriate and in the interest of justice. Accordingly, Gabriel Salais is terminated as counsel and the Federal Public Defender is appointed to represent the defendant on appeal.

SIGNED and ORDERED this 20th day of July, 2012.

Janis Graham Jack
Senior United States District Judge